IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>ST. PAUL SURPLUS LINES INSURANCE COMPANY, LIBERTY SURPLUS INSURANCE CORPORATION, and DOES 1 through 100, inclusive,<br><br>     Defendants. | Case No. 13-cv-03499-SC<br><br>ORDER GRANTING MOTIONS TO <u>STRIKE</u> |

Defendants St. Paul Surplus Lines Insurance Company ("St. Paul") and Liberty Surplus Insurance Corporation ("LSIC") (collectively "Defendants") have filed motions to strike Plaintiff Navigators Specialty Insurance Company's ("Plaintiff") first amended complaint ("FAC").  ECF Nos. 25, 30.  The motions are fully briefed, ECF Nos. 27, 29, 31, 34, and appropriate for resolution without oral argument per Civil Local Rule 7-1(b).  For the reasons set forth below, the motions are GRANTED.

Plaintiff filed the instant action on July 29, 2013.  ECF No. 1.  LSIC and St. Paul filed their answers on August 29, 2013 and

September 6, 2013, respectively.  ECF Nos. 12, 15.  On November 8, 2013, the parties filed a joint case management statement, in which they stated: "The parties propose deadlines for amendments to pleadings, if any, be set for December 13, 2013."  ECF No. 20 at 3.  The Court has yet to adopt this deadline.  On December 12, 2013, Plaintiff filed the FAC, adding a new defendant, Travelers Property Casualty Company of America, and two new causes of action.

    Defendants argue that, pursuant to Federal Rule of Civil Procedure 15, Plaintiff should have either (1) amended its pleading within 21 days after the filing of Defendants' answers, or (2) sought Defendant's written consent or leave of the Court prior to filing the FAC.  Plaintiff responds that, as memorialized in the parties' joint case management statement, the parties agreed that amended pleadings could be filed up to December 13, 2013.  Defendants reply that they merely agreed to a final deadline for amendments, and did not waive their right to oppose amendments under Rule 15.

    The Court agrees with Defendants.  Rule 15 essentially provides two methods for the pre-trial amendment of a pleading: (1) a party may amend as a matter of course within 21 days after serving the pleading or within 21 days after service of a responsive pleading; or (2) with respect to all other amendments, a party must obtain the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(1)-(2).  The FAC does not fall into either category.  Moreover, the relevant language in the joint case management statement appears to set forth a proposed final deadline for the amendment of pleadings, not a waiver of Rule 15.  Even if the parties did agree to waive the requirements of

Rule 15, the Court never sanctioned such a waiver.

Accordingly, the Court GRANTS Defendants' pending motions to strike and STRIKES Plaintiff's FAC.  Plaintiff may re-file the FAC in accordance with Rule 15(a)(2).  The Court reminds the parties that it must "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Thus, unless Defendants can show bad faith, undue delay, prejudice to themselves, or futility of amendment, the Court is inclined to grant a Rule 15 motion.  See Johnson v. Buckley, 356 F. 3d 1067, 1077 (9th Cir. 2004).  The Court encourages the parties to work together to avoid further unnecessary motion practice.

IT IS SO ORDERED.

February 19, 2014

UNITED STATES DISTRICT JUDGE