IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>                     Plaintiff,<br><br>     v.<br><br>ST. PAUL SURPLUS LINES INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE CORPORATION; et al.,<br><br>                     Defendants. | Case No. 13-cv-03499-SC<br><br>ORDER GRANTING RULE 56(D) <u>REQUEST</u> |

Now before the Court is Defendants St. Paul Surplus Lines Insurance Company ("St. Paul") and Travelers Property Casualty Company of America's ("Travelers") motion for summary judgment. ECF No. 69.  Plaintiff Navigators Specialty Insurance Company's ("Navigators") theory of St. Paul's liability hinges on the status of St. Paul's insurance broker, California Financial, as St. Paul's agent.  In its opposition, Navigators requests the Court deny or continue the summary judgment motion pending additional discovery regarding California Financial's status as St. Paul's agent.  For the reasons set forth below, the Court GRANTS Navigators' Rule

56(d) request.

Federal Rule of Civil Procedure 56(d) permits the Court to postpone ruling on a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." To prevail under this Rule, a party opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Emp'rs Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox Co., 353 F.3d 1125, 1129-30 (9th Cir. 2004). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Navigators has submitted an affidavit explaining the need for additional discovery. See ECF No. 79-3 ("Silberstein Decl."). Navigators seeks to depose the employee of St. Paul's California underwriter who allegedly informed St. Paul that it should contact California Financial to determine whether California financial had authority to add an additional insured to the policies issued by St. Paul. Id. ¶ 8. Navigators also seeks the production of documents from California Financial. Id. ¶ 9.

St. Paul argues in response that no further discovery is necessary for several reasons. First, St. Paul argues that this motion comes relatively late in the litigation process (a year and a half after the case was filed), and that Navigators has already had the opportunity to conduct discovery. St. Paul also argues

2

that the employee Navigators hopes to depose has been known to Navigators for some time. While it may be true that Navigators has already conducted discovery in this matter, Navigators moved expeditiously to conduct the necessary additional discovery once this motion was filed. Indeed, the Court only recently set the discovery cutoff date in this case. See ECF No. 85. St. Paul also argues that Navigators' request for production will not result in the production of any new documents, because when service of the subpoena to California Financial was attempted, the process server was informed that California Financial is no longer in business. See ECF No. 80 ("Reply") at 4-5. This argument, too, is unpersuasive.[1] Merely because Navigators' first attempt to serve the subpoena was unsuccessful does not necessarily mean that Navigators will never be able to locate California Financial's documents.

The Court finds that Navigators has met the burden required to support its Rule 56(d) request. If California Financial acted as St. Paul's agent (or as the agent of St. Paul's underwriter), there is a reasonable basis to believe that California Financial's documents might reflect that status and that the employee Navigators identified might have supporting evidence. The Court will permit Navigators to conduct additional discovery into this issue before ruling on the summary judgment motion.

For the reasons set forth above, Navigators' Rule 56(d)

---

[1] Navigators has objected to St. Paul's submission of the declaration of non-service of subpoena from the process server who attempted to contact California Financial. The Court would grant Navigators' Rule 56(d) request even if it were to consider the server's statement, so the Court finds it unnecessary to rule on the evidentiary issue.

3

request is GRANTED, and the Court will defer ruling on the motion for summary judgment until additional discovery can be taken. According to the parties' filings, California Financial's documents were supposed to be produced on December 22, 2014, and the depositions relevant to this motion were set for February 12, 2015 and February 17, 2015.  See ECF Nos. 79 at 21-22, 83 at 2.  Within ten (10) days of the signature date of this Order, the parties shall meet and confer and submit to the Court a joint status update of no more than five (5) pages explaining (1) whether the additional discovery is indeed complete (and if not, how long it is expected take); and (2) whether Navigators believes the discovery uncovered additional facts essential to its opposition to the motion for summary judgment.  If the additional discovery is complete but did not reveal additional relevant information, the Court will rule on the motion as submitted.  If the additional discovery did reveal additional relevant information, the Court will set a schedule for the submission of revised opposition and reply briefs.

    IT IS SO ORDERED.


    Dated: February 24, 2015               _____
                                            UNITED STATES DISTRICT JUDGE