IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NAVIGATORS SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.

ST. PAUL SURPLUS LINES INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE CORPORATION; et al.,

    Defendants.

Case No. 13-cv-03499-SC

ORDER REQUIRING SUPPLEMENTAL BRIEFING ON ST. PAUL'S MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendant St. Paul Surplus Lines Insurance Company's ("St. Paul") motion for summary judgment.[1] ECF No. 69 ("Mot."). The Motion turns, in part, on whether insurance broker California Financial Insurance Services ("California Financial") had the authority to issue an Additional Insured Endorsement on St. Paul's behalf. Plaintiff Navigators Specialty Insurance Company ("Navigators") claims that California Financial had the authority to issue the Additional Insured Endorsement

---

[1] The original motion for summary judgment was filed jointly by Defendants St. Paul and Travelers Property Casualty Company of America ("Travelers"). By virtue of Navigators' dismissal of Travelers (ECF No. 89), the Court no longer has to rule on that portion of the motion pertaining to Travelers.

because St. Paul's underwriter and agent, Crouse and Associates ("Crouse"), delegated its power to issue such endorsements to California Financial. Navigators fails to address, however, whether Crouse had the authority to delegate its agency powers. In addition, Navigators did not have the opportunity to respond to St. Paul's brief which raised, for the first time, a section of St. Paul's letter of authority to Crouse expressly prohibiting any delegation of agency powers. ECF No. 105-1, Ex. A. As a result, additional briefing is necessary.

This is an insurance dispute arising from two underlying construction defect lawsuits (known as the "3820 Cypress Action" and the "PRBO Action"). Both lawsuits allege that a building in Petaluma, California contains construction defects, and both lawsuits have been consolidated in state court (collectively "the Underlying Actions"). McDevitt & McDevitt ("McDevitt"), the general contractor for the building, was insured by Navigators. St. Paul insured Sunrise Windows ("Sunrise"), a subcontractor responsible for windows. This case relates to two policies St. Paul issued to Sunrise (the "Sunrise Policies").

Navigators alleges that it is entitled to declaratory relief, equitable contribution, and equitable subrogation arising out of St. Paul's alleged breach of its duty to defend and indemnify Navigators' named insured, McDevitt, against the Underlying Actions. Navigators claims that McDevitt is listed as an additional insured on the Additional Insured Endorsement to the Sunrise Policies. Importantly, California Financial, Sunrise's insurance broker, issued the Additional Insured Endorsement. Central to this case is whether, under the law of agency in

California, California Financial had the authority to issue the Additional Insured Endorsement on St. Paul's behalf. The Court ordered additional discovery and supplemental briefing on this issue (ECF Nos. 86, 95, 100), and the parties recently filed supplemental briefs (ECF Nos. 102 ("Navigators Suppl. Br."); 105 ("St. Paul Suppl. Br.")).

The parties' supplemental briefs focus on whether California Financial was authorized by St. Paul's agent, Crouse, to issue the additional insured endorsement -- in other words, whether California Financial operated as an authorized sub-agent of St. Paul. Navigators' supplemental brief focuses almost exclusively on a conversation between representatives of Crouse and California Financial during which Crouse allegedly authorized California Financial to issue additional insured endorsements on St. Paul's behalf. Navigators completely fails to address, however, whether Crouse had the authority to delegate its agency powers to California Financial in the first place.

Section 2349 of the California Civil Code governs an agent's ability to delegate its powers to a sub-agent:

> An agent, <u>unless specially forbidden by his principal to do so</u>, can delegate his powers to another person in any of the following cases, <u>and in no others</u>:
>
> 1. When the act to be done is purely mechanical;
>
> 2. When it is such as the agent cannot himself, and the sub-agent can lawfully perform;
>
> 3. When it is the usage of the place to delegate such powers; or,
>
> 4. When such delegation is specially authorized by the principal.

Cal. Civ. Code § 2349 (emphasis added). Navigators has not

3

presented any evidence that the alleged delegation of authority from Crouse to California Financial falls within one of these categories. Further, Navigators has not had the opportunity to respond to St. Paul's brief citing a section of St. Paul's letter of authority to Crouse specifically forbidding Crouse from delegating its agency powers. ECF No. 105-1, Ex. A at 2 ("Without the prior express written approval of [St. Paul], [Crouse] shall not: . . . Delegate or assign any of the rights or powers conferred under this Letter of Authority to any other individual or entity.").

For the forgoing reasons, the Court hereby ORDERS Navigators to show cause why summary judgment should not be granted in favor of St. Paul pursuant to section 2349 of the California Civil Code. Navigators should file a supplemental brief on this issue of no more than three (3) pages within seven (7) days of this Order. St. Paul may file a supplemental brief of no more than three (3) pages in reply within seven (7) days of the filing of Navigators' supplemental brief.

IT IS SO ORDERED.

Dated: June 26, 2015

UNITED STATES DISTRICT JUDGE